IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| YANKEES ENTERTAINMENT AND SPORTS NETWORK, LLC,<br><br>           Plaintiff,<br><br>v.<br><br>HARTFORD FIRE INSURANCE COMPANY,<br><br>           Defendant. | Civil Action No. _____<br><br>(Removed from Superior Court of New Castle County, Delaware, Case No. N22C-03-109 (EMD) (CCLD)) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, Hartford Fire Insurance Company ("Hartford Fire"), by and through its undersigned counsel, hereby removes this action from the Superior Court of the State of Delaware, in and for New Castle County to the United States District Court for the District of Delaware, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, Hartford Fire states as follows:[1]

**I.     INTRODUCTION**

1.     On March 14, 2022, Plaintiff Yankees Entertainment and Sports Network, LLC ("YES") filed a Complaint against Hartford Fire in the Superior Court of the State of Delaware, in and for New Castle County, Case No. N22C-03-109 (EMD) (CCLD). YES served the Complaint on Hartford Fire on April 11, 2022. A copy of the Complaint and accompanying materials are attached hereto as Exhibit 1.

2.     YES alleges that it is "an American regional sports television network that primarily serves New York City, New York, and the surrounding areas," who "licenses the

---

[1] Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Hartford Fire's rights to assert any defense, including but not limited to those defenses available under Rule 12 of the Federal Rules of Civil Procedure or otherwise.

exclusive local TV rights of the New York Yankees, the Brooklyn Nets, Major League Soccer's New York City FC, and the WNBA's New York Liberty." Exh. 1, Compl. ¶¶ 2, 24.

3. Hartford Fire issued YES a Special Multi-Flex Policy, No. 22 UFJ HH7568, effective for the period of August 29, 2019 to August 29, 2020. *Id.* ¶ 88. A copy of the Policy is attached as Exhibit A to YES's Complaint (attached as Exh. 1 hereto).

4. YES alleges that, as a result of the "impacts of the COVID-19 pandemic and the resulting closure orders," it has "incurred significant business income losses and extra expense in nearly all aspects of its business." Exh. 1, Compl. ¶ 86.

5. YES alleges that "[Hartford Fire] breached and continues to breach its contractual obligations, as set forth in the Policy, by failing and/or refusing to pay the aforementioned covered Business Income and Extra Expense losses." *Id.* ¶ 120. YES's Complaint seeks declaratory relief, compensatory and consequential damages, interest, attorneys' fees, and costs.

## II.    BASIS OF REMOVAL

6. This case is properly removable to federal court because it involves a controversy among citizens of different states and an amount in controversy that exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332, 1441, 1446.

### A.    There is Complete Diversity of Citizenship

7. YES "is a Delaware limited liability company headquartered and with a principal place of business in New York, New York." Exh. 1, Compl. ¶ 17. After conducting a reasonable, good faith investigation based on publicly available information, Hartford Fire asserts, upon information and belief, that no member of YES is a citizen of Connecticut. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105, 108-110 (3d Cir. 2015) (explaining that the citizenship of a limited liability company is determined by the citizenship of its members, and a party asserting diversity jurisdiction need not affirmatively plead the citizenship of each member; it need only

perform a reasonable investigation and allege in good faith that the members are not citizens of its state of citizenship).

8. Hartford Fire is incorporated in and has its principal place of business in Connecticut. *See* Exh. 1, Compl. ¶ 27. Hartford Fire is therefore a citizen of Connecticut for diversity jurisdiction purposes. *See* 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of the state where it is incorporated as well as the state where it has its principal place of business).

9. Accordingly, there is complete diversity of citizenship between the parties.

**B.     The Amount in Controversy Exceeds $75,000**

10. Under 28 U.S.C. § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs[.]" Where, as here, a complaint does not seek a specific amount of damages, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

11. The amount in controversy for YES's request for declaratory relief is "the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) (citations omitted); *see also, e.g.*, *Allstate Vehicle & Prop. Ins. Co. v. Harris*, No. 20-741, 2020 WL 4201598, at *3 (E.D. Pa. July 22, 2020). In this case, the object of the litigation is the value of YES's insurance claims, *i.e.*, the amount of money Hartford Fire would pay to YES if its COVID-19 claims are covered under the Policy.

12. Although YES does not quantify its alleged damages, it is readily apparent that the amount in controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs. According to YES, beginning around March 2020, "states, counties, and cities where YES's

covered properties are located issued orders requiring businesses to operate their properties and conduct their operations on those premises so as to reduce their customer occupancy by a significant percentage." *See* Exh. 1, Compl. ¶ 75. YES alleges that its "business and business income depends on the full, robust, and continuous operation of several athletic leagues, both professional and amateur" of which were "forced to cancel significant numbers of games and restructure their seasons." *Id.* ¶¶ 76, 77. Due to these "cancellations, postponements, and schedule restructurings, games were either missed altogether, or played at odd times during the year when fans would not necessarily watch those games." *Id.* ¶ 78. YES further alleges that ultimately "league and governmental orders caused a total or partial prohibition of YES's ability to normally operate its business." *Id.* ¶ 8.

13. Although Hartford Fire has not located publicly available information regarding YES's annual revenues, its claim likely far exceeds $75,000. Indeed, as alleged, YES states that it "has suffered and will continue to suffer serious harm in an amount of millions of dollars" due to the COVID-19 pandemic and resulting governmental orders which have "combined to devastate YES's business operations." *See, e.g.*, *id.* ¶¶ 81, 121. Subject to the terms, conditions, and exclusions, YES's Policy provides business income coverage up to $419,727,636. *See* Exh. 1, Ex. A to Compl., Policy at Form PCE 00 02 08 19, p. 4. Thus, YES's claim plausibly exceeds $75,000.

14. In short, while Hartford Fire denies that YES is entitled to any recovery at all in this case, the amount in controversy plausibly exceeds $75,000, exclusive of interests and costs.

**C.     The Other Procedural Requirements for Removal are Satisfied**

15. This Notice of Removal is being filed within 30 days of service, and less than one year after commencement of this action, in accordance with 28 U.S.C. § 1446.

16. Attached hereto as Exhibit 1 are true and correct copies " of all process, pleadings, and orders served upon" Hartford Fire in the state-court action. *See* 28 U.S.C. § 1446(a).

17. A copy of this Notice of Removal is being filed with the Prothonotary of the Superior Court of r the State of Delaware, in and For New Castle County and is being served on counsel of record pursuant to 28 U.S.C. § 1446(d).

18. Under 28 U.S.C. § 1441(a), venue is proper in this Court as a district or division embracing the place where the state action was pending.

### III. CONCLUSION

For the foregoing reasons, Hartford Fire respectfully provides notice of the removal of this action to this Court, and requests that this Court assume jurisdiction and proceed with this case as though it was originally filed in this Court.

Respectfully submitted,

*/s/ Tracy A. Burleigh*
Tracy A. Burleigh, Esquire (No. 3609)
MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
1007 N. Orange Street
Suite 600
P.O. Box 8888
Wilmington, DE 19899
Phone: 302-552-4304
taburleigh@mdwcg.com

Sarah D. Gordon, Esquire
(*pro hac vice application forthcoming*)
Johanna Dennehy, Esquire
(*pro hac vice application forthcoming*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Phone: 202-429-3000
sgordon@steptoe.com
jdennehy@steptoe.com

*Counsel for Hartford Fire Insurance Company*

LEGAL/146146386.v1

## CERTIFICATE OF SERVICE

I certify that on this 10th day of May 2022, I electronically filed the within and foregoing with the Clerk of Court via CM/ECF, and served counsel for Plaintiff via first class United States Mail, postage prepaid, properly addressed as follows:

Benjamin P. Chapple, Esquire
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, DE  19801

/s/ Tracy A. Burleigh
Tracy A. Burleigh, Esquire (No. 3609)
MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
1007 N. Orange Street
Suite 600
P.O. Box 8888
Wilmington, DE 19899
Phone: 302-552-4304
taburleigh@mdwcg.com

*Counsel for Hartford Fire Insurance Company*

6